STANDARD  FABRICS  CORPORATION,  Respondent, *v.*  HOB MANUFACTURING CO., INC., Appellant.

First Department, January 13, 1922.

Sales — action to recover purchase price of goods not accepted — conflicting evidence as to cancellation of contract — verdict in favor of plaintiff against weight of evidence — complaint should have been dismissed — plaintiff cannot recover purchase price and remedy, if any, is action for non-acceptance.

In an action to recover the purchase price of a portion of goods not accepted by the defendant, it appeared that the plaintiff held up shipments because of the delay on the part of the defendant in making payments on goods already delivered, and that the evidence was conflicting as to whether or not the contract for the sale of the goods was canceled.

*Held*, that the verdict of the jury in favor of the plaintiff was against the weight of the evidence;

That the motion by the defendant made at the close of the plaintiff's case to dismiss the complaint and renewed after both sides had rested, should have been granted, for even though the orders were not canceled as claimed by the defendant, still the plaintiff neither alleged nor proved a cause of action for the recovery of the purchase price.

The property in the goods had not passed to the defendant, for when the contract was made the goods were not in a deliverable state and the plaintiff did not allege or prove that any specific goods were unconditionally appropriated to the contract, and the price was not payable on a day certain, irrespective of delivery, but by the terms of the contract was payable seventy days after delivery and was contingent on the cost of manufacture.

The goods were readily resalable for a reasonable price on the date when the defendant definitely notified the plaintiff that it would refuse to receive the goods and the fact that several months later the goods were not resalable for a reasonable price did not bring the case within subdivision 3 of section 144 of the Personal Property Law and authorize the plaintiff to maintain an action for the purchase price.   Plaintiff's cause of action, if any, was for damages for non-acceptance of the goods.

APPEAL by the defendant, Hob Manufacturing Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Harry H. Oshrin* [*John Vance Hewitt* of counsel], for the appellant.

*Hirschman & Roeder* [*Jehial M. Roeder* of counsel], for the respondent.

PAGE, J.:

The action is brought to recover the purchase price of the portion of goods not accepted by the defendant, purchased from the plaintiff by two separate contracts. Deliveries were made from time to time on both of these contracts, which were accepted, but the defendant was slow in making payments. On April 26, 1920, the plaintiff wrote to the defendant, calling attention to the defendant's delay in making payments in the past, and demanding payment of the over-due bill with accrued interest, within two days, and further stating " with reference to the goods still due you, on back orders, in view of the above facts, we will be unable to ship you any more goods against any of your orders unless under terms of 7% cash. We have the merchandise ready for immediate shipment, and if we do not hear from you by return mail that these terms are satisfactory, we will cancel all your orders."

The market price of these goods had materially advanced over the sale price. On receipt of this letter Mr. Hoffman, the defendant's president, called on the plaintiff and had an interview with Mr. Schloss, the plaintiff's secretary and treasurer.

The testimony of Hoffman and Schloss as to this interview is conflicting. Mr. Schloss' version was that Hoffman requested him not to cancel the orders, but to hold the goods· until he should be in position to meet the bills promptly; that he had made large cash payments for other merchandise, and had made investments in real estate; and that defendant had a large amount outstanding for goods sold, and that collections

had been very slow, but that he would see to it that plaintiff suffered no loss.   Upon this statement Schloss agreed not to cancel the orders and to withhold deliveries.   Mr. Hoffman, on the contrary, testified that he said to Mr. Schloss that evidently the plaintiff desired to cancel these orders; and he admitted that the defendant had been very slow in making payments, and that he could not blame the plaintiff for taking this position, and as Mr. Schloss had stated that there was a demand for these goods, and they could be sold at a profit over and above the price specified in defendant's orders, he did not feel it was right to hold the plaintiff to its agreement, and that he was willing that the orders should be canceled; and Schloss said that would be all right.

Schloss testified that the plaintiff's bookkeeper was present at this interview.   The bookkeeper was not called as a witness by the plaintiff, nor was the failure to call her explained.   The evidence as to this interview was the sharply conflicting testimony of two interested witnesses, and a person who the plaintiff's witness had stated was present was not called. This gives rise to the presumption that, if called, her testimony would not have corroborated Schloss' version of the conversation.

Schloss testified that between that time and June twenty-sixth he called up the defendant's place of business a number of times, urging them to accept deliveries; that they always answered that the matter was in the hands of Mr. Hoffman, and that he would have to give the orders.   On the contrary, the defendant's employees testify that Schloss did call them up a number of times, but always demanding money that was due, and never mentioning the delivery of goods.   Hoffman testified further that Schloss called at his office in the early part of June and asked him to reinstate the contract, but that he refused to do so, and stated to Schloss that they had canceled the contract on April twenty-sixth and under no circumstances would he reinstate the order or transact any further business with the plaintiff.   Hoffman is corroborated by the defendant's bookkeeper and assistant bookkeeper, who testified they were in the office at the time and heard the conversation.   Schloss denied this conversation *in toto.*

On June 26, 1920, the plaintiff wrote to the defendant

" with reference to the goods under your orders Nos. 10773 and 10774 under date of Dec. 6th, goods against which we have now been holding for you at your request for several months, kindly be advised that it has now become necessary for us to make deliveries against those orders," and requested delivery dates. To which defendant replied on June 28, 1920, calling the plaintiff's attention to the letter of April 26, 1920, and stating that Mr. Hoffman had seen Mr. Schloss, and specifically informed him that it was not agreeable to defendant to change the terms of the orders, and instructed him to send no more merchandise as the defendant was entirely agreeable to a cancellation of the order. This letter also stated that the defendant did not wish a reinstatement of the order which the plaintiff had canceled on April twenty-sixth.

There was some further correspondence between the parties. Thereafter portions of the goods were tendered at different times, and in each instance an invoice was sent to the defendant in which was the statement: " These goods offered for delivery to you, and refused by you, and are being held by us subject to your disposition and at your risk." On October 18, 1920, the plaintiff wrote to the defendant: " Please be advised that we have offered for sale the goods shipped to you against your contract and which you refused to accept, and will credit your account with the proceeds of such sale. We will hold you accountable for the difference between the amount of this credit and the amount you owe us."

Schloss testified that the goods were thereafter offered for sale, but they could not be sold.

On this evidence in our opinion the verdict for the plaintiff was against the weight of the evidence. The plaintiff failed to show that there was a valid and subsisting contract after April 26, 1920, when it was canceled by mutual consent. In view, however, of the conflicting character of the evidence, we would, if we disposed of the case on this ground, be compelled to grant a new trial. The defendant moved to dismiss the complaint at the close of the plaintiff's case, and renewed the motion after both sides had rested. In our opinion this motion should have been granted. Even if we give full credence to the plaintiff's contention that the orders were not canceled on April 26, 1920, still the plaintiff has neither

alleged nor proved a cause of action for the recovery of the contract price. The property in the goods had not passed to the buyer. When the contract was made the goods were not in a deliverable state. The plaintiff proved that it thereafter ordered them from the manufacturer. The plaintiff failed to allege or prove that any specific goods were unconditionally appropriated to the contract at any time prior to June 28, 1920. (Pers. Prop. Law, §§ 100, 144, subd. 1, as added by Laws of 1911, chap. 571.) The price was not payable on a day certain irrespective of delivery. By the terms of the contract the price was payable seventy days after delivery and the price was contingent on the cost of manufacture. (Id. § 144, subd. 2.) The plaintiff attempted to bring the case within subdivision 3 of section 144 by proving that the goods were not readily resalable for a reasonable price. The difficulty with its position is that the plaintiff's evidence was that there was a ready market for these goods, that the market price increased until the latter part of April, that in May and the early part of June the goods could have been surely sold at the contract price, and that there was a market for them on June 28, 1920, when the defendant notified the plaintiff that it would not accept the goods. The plaintiff held the goods until October 18, 1920, when Schloss testified the market had all fallen to pieces. The buyer definitely notified the seller that it would refuse to receive the goods on June 28, 1920. The goods were readily salable at a reasonable price at that time. For these reasons the plaintiff could not maintain an action for the price. Its cause of action, if any, was for damages for non-acceptance of the goods. (Id. § 145, as added by Laws of 1911, chap. 571.) The defendant's motion to dismiss the complaint should have been granted.

The judgment and order should be reversed, with costs to the appellant, and judgment ordered for the defendant dismissing the complaint, with costs.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Judgment and order reversed, with costs and complaint dismissed, with costs.